UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRANDY M. RIGGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   3:14-CV-263-PLR-HBG |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the rules of this Court for a report and recommendation regarding disposition of Plaintiff's Petition for Approval of 406(b) Attorney Fees [Doc. 28]. Plaintiff's counsel moves the Court for an award of $9,646.75 in attorney's fees pursuant to 42 U.S.C. § 406(b) for work performed on behalf of the Plaintiff in pursuit of disability benefits.

## I.   PROCEDURAL HISTORY

On June 18, 2014, the Plaintiff filed a Complaint [Doc. 1], seeking review of the Commissioner's final decision denying the Plaintiff's application for supplemental security income. After the parties filed competing dispositive motions [Docs. 14 & 21], this Court entered a Report and Recommendation [Doc. 23] on July 6, 2015, recommending that the case be remanded to the Administrative Law Judge to reassess the Plaintiff's residual functional capacity in light of certain medical opinions of record. The District Court accepted the Report and

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

Recommendation and on August 13, 2015, the case was remanded to the Commissioner for further proceedings. [Docs. 24 & 25].

On September 26, 2015, the parties filed a Joint Stipulation, agreeing that the Plaintiff was entitled to $5,600.00 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Doc. 26]. The District Court entered an Order on September 30, 2015, granting the Plaintiff attorney's fees. [Doc. 27]

The instant motion now before the Court was filed on March 30, 2017, and seeks an additional award of attorney's fees pursuant to 42 U.S.C. § 406(b). [Doc. 28].

## II. POSITIONS OF THE PARTIES

Plaintiff's counsel requests approval to charge attorney's fees pursuant to 42 U.S.C. § 406(b) based on her contingency fee agreement with the Plaintiff. [Doc. 28]. Counsel asserts that the Plaintiff was awarded $62,587.00 in past-due benefits and that the Plaintiff contracted with counsel to pay twenty-five percent of past-due benefits which equals $15,646.75 in attorney's fees. [*Id.* at 1, 7-8]. Counsel explains that she has already received $6,000.00 for her administrative services, and therefore, requests the remaining $9,646.75. [*Id.* at 1.] Counsel submits that this amount is reasonable and should be upheld pursuant to *Gisbrecht v. Barhhart*, 535 U.S. 789 (2002). [*Id.* at 2].

The Commissioner does not oppose payment of the requested amount. [Doc. 29].

## III. ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded:

> 1. The Court must have rendered a judgment favorable to the Plaintiff;
>
> 2. The Plaintiff must have been represented by counsel; and
>
> 3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.* The Court will address each condition in turn.

### A. Favorable Judgment

In this case, the Plaintiff obtained a "sentence four" remand, which, for purposes of section 406(b), may be considered a "favorable judgment." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

### B. Representation by Counsel

In support of the motion for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and the Plaintiff, which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by the Plaintiff as payment for counsel's representation. [Doc. 28 at 3]. Accordingly, the Court finds that the Plaintiff was represented by counsel for this claim.

### C. Reasonableness of Fee Amount

Counsel for Plaintiff submits that a fee request of twenty-five percent of the past-due benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld by case law, is consistent with the agreement between counsel and the Plaintiff, and the amount requested is reasonable. [Doc. 26 at 1-8].

Although the Commissioner does not oppose the requested fee amount, courts must still

independently determine whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. In fact, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of benefits was ultimately granted to the Plaintiff. Thus, counsel was effective in her representation as she was able to achieve a favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and

4

> the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.)

In this case, Plaintiff's counsel requests a fee award in the amount of $9,646.75 – twenty-five percent of $62,587.00 in past-due benefits – for 51.40 hours, an effective hourly rate of $187.67.[2] Counsel argues that the requested fee amount is reasonable because her hourly rate for non-contingent fee work is $225.00 per hour, and the hourly rate typically charged in the Knoxville, Tennessee area by other attorneys with similar experience range between $200.00 and $300.00 per hour. [Doc. 28 at 6-8]. Additionally, counsel has submitted an itemized bill outlining her time spent litigating this case over the past five years. [*Id.* at 9-22].

The Court considers the factors set forth in *Hayes*, the arguments set forth by the Plaintiff, the lack of opposition from the Commissioner, and the nature and complexity of the case and issues argued, and finds the contingency fee award in the amount of $9,646.75 is reasonable. Moreover, the Court is mindful of the nature of contingency contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (In considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."). Based on the effective hourly rate,

---

[2] The Court notes that 5.50 of the total hours billed is for paralegal work performed hours. "If time other than attorney time is separately recorded and submitted, this fact can be taken into account in assessing the correct 'standard' rate." *Hayes*, 923 F.2d at 422 n.5. Counsel for Plaintiff has attested that the normal rate for such work ranges between $50.00 and $60.00 per hour. [Doc. 28 at 7]. Assuming the paralegal hours were billed on the lower end at $50.00 per hour, which would increase the hypothetical hourly rate for attorney work performed hours, the effective hourly rate for attorney performed hours would only be $204.17, well within the floor set by the Sixth Circuit.

which is only one relevant factor in determining the reasonableness of the contingency fee, taken together with the other factors considered above, the relevant case law cited, and review of the record as a whole, the Court finds the requested contingency fee is reasonable.

Accordingly, the Court finds the instant motion is well-taken.[3]

## IV. CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[4] that the Plaintiff's Petition for Approval of 406(b) Attorney Fees [**Doc. 28**] be **GRANTED** and a judgment awarding Plaintiff's counsel $9,646.75 in attorney's fees be entered.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[3] When attorney's fees are awarded for the same work under both the Equal Access to Justice Act and section 406(b), the attorney is required to refund the smaller of the two fees to the claimant. *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). In this case, as previously mentioned, the Plaintiff has already obtained an EAJA award in the amount of $5,600.00 for attorney's fees [Doc. 27], which would be the smaller of the two fee awards. Plaintiff's counsel has represented, however, that she has not received any attorney's fees from the EAJA award. [Doc. 28 at 1].

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).